FILED
United States Court of Appeals
Tenth Circuit

February 15, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LORETO GARCIA,

Defendant-Appellant.

No. 10-8081
(D.C. Nos. 1:07-CV-00118-WFD and
2:05-CR-00133-WFD-16)
(D. Wyo.)

---

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **BRISCOE,** Chief Judge, **TACHA** and **MURPHY**, Circuit Judges.

---

Petitioner Loreto Garcia seeks a Certificate of Appealability (COA) pursuant to 28

U.S.C. § 2253 in order to challenge the district court's denial of his petition for a writ of

habeas corpus filed pursuant to 28 U.S.C. § 2255. The district court denied relief after

rejecting all of Garcia's claims of ineffective assistance of counsel. Because Garcia has

not made the required showing for a COA to issue, his application for a COA is denied.

I

Garcia was one of twenty individuals charged in a superseding indictment with

various offenses relating to the distribution of methamphetamine and marijuana in central

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

Wyoming. Garcia was charged with: conspiracy to traffic in methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846 (Count One); distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count Twenty-Five); use of a telephone to facilitate a felony drug offense in violation of 21 U.S.C. § 843(b) (Counts Twenty-Eight and Twenty-Nine); and possession of firearms in furtherance of a federal drug trafficking offense in violation of 18 U.S.C. § 924(c) (Count Thirty).

On March 3, 2006, Garcia and the United States submitted to the district court a proposed plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C). In this initial proposed plea agreement, Garcia would agree to plead guilty to Counts One and Thirty and the parties would agree to a sentence of 180 months' imprisonment. On March 15, 2006, the parties filed a revised plea agreement in which Garcia agreed to plead guilty to Counts One and Twenty-Eight in exchange for the stipulated 180-month sentence. Garcia waived the right to appeal his sentence, and the government agreed to recommend a downward departure or file a Fed. R. Crim. P. 35 motion if Garcia provided substantial assistance. At the change-of-plea hearing, the government acknowledged that Count Thirty (the § 924(c) count) was not the most readily provable offense in the superseding indictment, and, for that reason, it substituted Count Twenty-Eight (one of the § 843(b) counts). Supp. ROA, Vol. 2 at 14. Garcia stated to the district court that he was "fully aware of all this." Id. at 15. Garcia expressed some hesitancy about pleading guilty, but also stated "I'm scared to go to trial." Id. at 18. Garcia's counsel represented that he had

2

explained to Garcia that, without a plea agreement, he could face a sentence exceeding fifteen years. The government estimated that Garcia's advisory sentencing guideline range would be 188-235 months. Id. at 30. The district court accepted the plea agreement and Garcia pled guilty to Counts One and Twenty-Eight.

At sentencing, the district court found that Garcia's sentencing guideline range was 210-262 months on Count One and forty-eight months on Count Twenty-Eight.[1] Supp. ROA, Vol. 3 at 4. This was higher than the government's estimate at the change-of-plea hearing because Garcia's criminal history score was higher than the government had initially predicted. The district court sentenced Garcia to 180 months' imprisonment, pursuant to the plea agreement and Fed. R. Crim. P. 11(c)(1)(C). The district court also strongly encouraged Garcia to provide assistance to the government, so that he might reduce his sentence. Counsel indicated that Garcia had offered to speak with the government, "[h]owever, at that time [the Assistant United States Attorney] was interested in not so much drug information or 'controlled substance' information as he was with firearm-type information; and aside from what the government knew already, Mr. Garcia could not offer help at that point in time." Id. at 7. The district court acknowledged that there were "pros and cons" to cooperating because "you're dealing

---

[1] The district court's finding regarding the guideline range on Count Twenty-Eight appears to be based on the erroneous belief that 21 U.S.C. § 843 carries a minimum penalty of four years' imprisonment. See, e.g., ROA vol. 2 at 15; Supp. ROA, Vol. 1 at 39. There is no mandatory minimum sentence for a § 843 violation. However, as the two offenses are grouped under the guidelines and the parties agreed to a specific sentence that was lower than the guideline range on Count One, this error was harmless.

with some dangerous people," and that "maybe there's nothing you can say or do to help the government; but if there is, I hope you think about it long and hard." Id. at 11. The government did not file a Fed. R. Crim. P. 35 motion after sentencing.

II

A petitioner must obtain a COA in order to appeal a district court's denial of a habeas petition. 28 U.S.C. § 2253. A COA may be issued only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court has rejected a petitioner's constitutional claim on the merits, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

III

Garcia argues his counsel was ineffective for failing to: obtain a more favorable plea agreement; argue for a lower sentence; understand the sentencing guidelines; understand the drug statutes; and argue more strongly for the government to file a Fed. R. Crim. P. 35 motion based on substantial assistance. In order to establish ineffective assistance of counsel, a petitioner must show both deficient performance and prejudice. Strickland v. Washington, 466 U.S. 668, 691 (1984). To show deficient performance, a petitioner must demonstrate that counsel's performance "fell below an objective standard of reasonableness." Moore v. Reynolds, 153 F.3d 1086, 1096 (10th Cir. 1998). To show prejudice, a petitioner must "demonstrate there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different." Id.

4

A. *Failure to obtain a more favorable plea agreement*

Garcia argues that his counsel was ineffective for failing to negotiate a ten-year sentence, rather than the fifteen-year sentence to which he and the government agreed. Garcia appears to believe that the substitution of the § 843(b) count for the § 924(c) count should have reduced his agreed sentence by five years, because the § 924(c) count carried a five-year mandatory minimum sentence, whereas the § 843(b) count carried no mandatory minimum sentence. He has failed to demonstrate deficient performance. Garcia's sentencing guideline range on Count One was 210-262 months. Pursuant to the plea agreement, Garcia received a sentence of 180 months, which is thirty months below the bottom of that guideline range. Counsel obtained a favorable plea agreement for Garcia, and his performance negotiating the plea agreement was not deficient.

B. *Failure to argue for a lower sentence*

To the extent that it differs from Garcia's argument that counsel was ineffective for failing to negotiate a more favorable plea agreement, Garcia's argument that counsel was ineffective for failing to argue for a lower sentence is similarly without merit. Once the district court accepted the plea agreement, counsel could not argue for a sentence other than the one to which Garcia agreed. An agreement that a specific sentence will be imposed pursuant to Fed. R. Crim. P. 11(c)(1)(C) "binds the court once the court accepts the plea agreement." Fed. R. Crim. P. 11(c)(1)(C). Any argument by counsel for a different sentence would have been futile. Therefore, counsel's failure to make such an argument was neither deficient nor prejudicial.

*C. Failure to investigate sentencing guidelines*

Garcia argues that his counsel did not understand the sentencing guidelines and erroneously advised him that his advisory sentence under the sentencing guidelines could be enhanced for possession of a firearm. However, counsel's advice in this regard was correct. The presentence report recommended a two-level enhancement to Garcia's offense level for possession of a firearm, based on the information supplied by several individuals. The level of proof required for a conviction (proof beyond a reasonable doubt) is much higher than the level of proof required to support a sentence enhancement (in the ordinary case, a preponderance of the evidence). United States v. Washington, 11 F.3d 1510, 1516 (10th Cir. 1993). The fact that the government did not view the felon in possession of a firearm count as the most readily provable offense in the superseding indictment does not mean that the guideline enhancement would not have applied. As the outcome of the plea agreement was favorable and counsel's advice regarding the interpretation of the sentencing guidelines was correct, counsel's performance was not deficient.

*D. Failure to understand drug laws*

Garcia argues that his counsel did not understand the controlled substance laws because counsel should have recognized that methamphetamine is, by statute, a Schedule III substance, rather than a Schedule II substance. Garcia's view of methamphetamine's classification is incorrect. We have previously held that the Attorney General properly re-classified methamphetamine as a Schedule II controlled substance pursuant to 21

C.F.R. § 1308.12(d). United States v. Sullivan, 967 F.2d 370, 373 (10th Cir. 1992).

Counsel's performance regarding the classification of methamphetamine was not deficient because methamphetamine is a Schedule II substance.

*E. Failure to obtain a post-sentencing motion based on substantial assistance*

Garcia argues that counsel was ineffective for failing to advocate more strongly for the government to move for a sentence reduction due to substantial assistance. In his petition, Garcia acknowledges that, to the extent he offered assistance, "it was obvious it wasn't the assistance that [the government] wanted." ROA at 12. Garcia has failed to show deficient performance or prejudice because he admits that the government did not regard his assistance as substantial. His counsel could do nothing to alter the government's receptiveness to the information Garcia had to offer.

Garcia has not shown that reasonable jurists could debate whether his petition states a valid claim for the denial of a constitutional right. Garcia's request for a COA is DENIED and the matter is DISMISSED.[2]

Entered for the Court


Mary Beck Briscoe
Chief Judge

---

[2] Although Garcia has filed a motion to proceed in forma pauperis (ifp), we deny the motion as moot because the district court has previously granted Garcia leave to proceed ifp on appeal.